**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHELE ZIEGLER,

    Plaintiff,

v.                                  Case No. 06-CV-13485

SPORTSSTUFF, INC.,

    Defendant.
                                          /

**OPINION AND ORDER GRANTING DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND DENYING REQUEST FOR CONFERENCE CALL**

Pending before the court is Defendant Sportsstuff, Inc.'s January 10, 2007 "Emergency Motion for Protective Order and Request for Conference Call." Plaintiff Michele Ziegler filed a response in opposition on the following day. The matter has been fully briefed and the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). The court further finds that a telephone conference is not necessary.

Plaintiff's claim is among the first of many arising from accidents allegedly caused by Defendant's product, a kite tube, which Plaintiff contends is dangerous. (Pl.'s Resp. at 1.) Defendant has retained local counsel, which have appeared in this court on Defendant's behalf. Defendant requests that its corporate counsel and counsel for its insurance carrier attend upcoming depositions "merely as observers." (Def.'s Br. at ¶¶ 2, 4.) Plaintiff objects, arguing that (1) federal and local rules have no provision for mere observers, (2) alternate means including a video feed would be more appropriate and (3) the presence of one proposed attorney at Plaintiff's deposition was disruptive

and went beyond mere observation.  (Pl.'s Br. at 3-6.)  In the alternative, Plaintiff requests that, if Defendant's observers are allowed, Plaintiff should be allowed to bring an equal number of persons with "an interest in the proceedings" - including attorneys who have not appeared in this case, government officials and media "who also have an [sic] professional interest in the substance of the testimony offered by Sportsstuff officials."  (*Id.* at 6.)

This court's local rules allow attorneys who have not made an appearance for a party in an action to play a limited role in a case on behalf of a non-party client.  Specifically, "an actively-licensed attorney who is not under suspension or disbarment in this or another federal or state court may . . . represent a client in a deposition . . . [and] counsel a client in an action or proceeding pending in this court."  E.D. Mich. LR 83.20(i)(1)(E)(ii)-(iii).  The language of the rule does not limit "client" to parties in the action, nor does it limit "actively-licensed attorneys" to counsel of record who have filed appearances on behalf of a party to the action.  The proposed attorneys represent clients with substantial and particular interests implicated in this case.  The court will therefore allow their presence, but only as observers who must follow certain restrictions.  The court will deny Plaintiff's request for observers of its own because their interest in the proceedings is general and not connected to the substantial and specific interests of a client in this action.  Accordingly,

IT IS ORDERED that Defendant's "Emergency Motion for Protective Order . . ." [Dkt # 20] is GRANTED.  The counsel identified in Defendant's motion may attend the upcoming depositions, with the following restrictions:

Counsel are to appear merely as observers. They must sit apart and at some distance from the parties and the parties' counsel of record in this case. The observers may not consult with witnesses, parties or attorneys, either verbally or in writing, during the recording of the depositions, with the exception of recesses, which the observers may not request. The observers must power off or silence all electronic devices and must, with the parties and the reporter, take reasonable steps to ensure that the observers cause no disruption to the proceedings. Reasonable steps include remaining silent and seated while the proceedings are in progress, with the exception of recesses.

      s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 12, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 12, 2007, by electronic and/or ordinary mail.

      s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522